I'm David Klein, the attorney for Irving, Clinton Irving, Little Nose. This appeal is for property that is owned by the estate of Marie Francis Holt. The transfer of that property was placed into the debtor's estate invalidly for the following reasons. On November 27, 1989, attorney Eric Smith. But the main issue in this case is why it's not moved. The property's been sold. Yes, it has. But there was no notice to the estate. What does it matter under a newly Kona and that statute? Let's assume it should not have been in the estate, it should not have been sold, notice was improper. Let's assume everything in favor of the appellant. Just a total botch still under that statute and a newly Kona. Why isn't it moved? Well, because the property, well, due process, the non-debtor parties were not provided due process as relates to property. Let's assume that. Yes, sir. Then the matter should be simply reversed. Well, if it's moved, we don't have jurisdiction. I understand that, but I don't believe it's moved. And that's why I was attempting to explain to you the circumstances. Let's assume that there is no way to get the house back because the statute essentially says that. Is there any other relief that could be granted that you asked for that is in play in this case? Yes. What is it? You can disgorge the proceeds from the sale, the $261,000. Did you request that anywhere along? We did. Yes. Where was that? It's in the body of the prayer. Do we know where the proceeds are now? Yes, sir. It's in the hands of the trustee and her attorney. No debtors have been paid. All the monies have been placed in there and distributed to their trust account. The creditors have not been paid? That's my understanding. Yes, sir. Is there authority for that remedy? Yes. What case? I believe it's the Pops case, if I'm not mistaken. In that case, I don't have the site, but it's in the brief. There are actually two cases that you're arguing now. One is the appeal from the ---- The trust and the sale. One is from the settlement and one is from the sale. Yes. Right? Is there any possible difference with regard to the relief available in one or the other? No, it can be the same. Initially, the avoidance power of the trustee was invalid. The trust was set up long before or prior to the Cinderella Trust being available for the avoidance powers by the bankruptcy trustee Guy. That's as it relates to the trust. The sale was simply the court refused to acknowledge that there was a dispute on these heirs, the eight heirs from the estate. The question I didn't understand was the district court said there was a bona fide dispute. He did say there was a dispute. He said there was a bona fide dispute. He did. And therefore, he ordered the sale. Now, I don't ---- I guess I don't know enough about bankruptcy law to understand why that follows. Is the point, as long as there is some claim to the property, it can get sold? No. What happened is the court just arbitrarily made that statement. There's always been the contention of the appellants that this property is owned by the estate. This lady was incapable. And the judge didn't say no. He said there was a bona fide dispute. He simply stated that. He could have allowed the probate estate to proceed and determine the rightful or the validity of the ---- of that argument. But he chose not to. He also dismissed the adversarial pleading or the complaint that could have resolved that issue. He chose not to. He just simply stated that there's a bona fide dispute. And therefore, the property can be sold. It was so unfair, and that's why we're here. We're just crying out that something's not right. Now, the other appeal, which is actually, as I understand it, from the settlement, there's a standing problem as to why the estate has standing with regard to that issue. Well, we were never put on notice of the property being placed into the debtor's estate. There was a compromise purportedly that was acquired by Attorney Anthony under duress from the trustee of the living trust. And within three days of signing that quick claim deed to the bankruptcy trustee, he recanted that and filed it with the county recorder's office. And the court simply didn't look at it. What difference does that make anyway? Well, it wasn't the ---- had it not gotten in ---- well, initially, the property was going to be sold. And on the day of sale, the court found out that the property was not the property of the estate. It was the property of the trust. And so Mr. Andrew, as you were, Mr. Friedman ---- But Ms. Kyle's position in the other case depends on the fact that that doesn't matter, right? So if it doesn't matter, I mean, that is if it's still in the estate even though it belongs to the trust and that's why she has an exemption, then the fact of this transfer of the property doesn't matter to anybody. Well, I believe it does. Sorry. Go ahead and finish your answer. Well, I simply believe it does, and I think she'll be able to explain it much better. Bankruptcy is not my forte. Counsel, is it correct that Kyle conveyed this property, Kyle is the bankrupt, and Kyle conveyed the property into the trust and it's a revocable trust? That's true. And is it correct that under California law, property conveyed into a revocable trust by the bankrupt is treated as the bankrupt's property? That's true, providing it's within the avoidance powers of the bankruptcy trustee. But we also have to keep in mind that she has a potential one-eighth interest in that property. It's not completely hers. It's being held in trust for the benefit of the heirs of the estate. Yes, sir. The trustee steps into the shoes of the debtor. That's true. And the debtor can revoke that trust. It's a revocable trust. That's true. In other words, the complete power over the trust property is in the debtor and then passes to the trustee. Well, what's the interest? The only interest that the bankruptcy trustee has. The interest is in the whole property. You can stop the trust. You can revoke it just as if it never had occurred. I don't agree with that, Your Honor. I would believe that if her interest is only one-eighth, then that's all.  And once the distribution is this is a possibly a possible interest because at the probate stage, it well may be that the probate court may decide that the distribution is inequitable for her to receive anything. And so, therefore, she may not receive anything. It's a potential interest of one-eighth. Thank you, Counsel. Your time is down to zero. Thank you, sir. Thank you, Your Honors. If I may please the Court. With regard to Appeal 0455616, that is the appeal of, and the issue that's pending before this Court, is whether the Bankruptcy Appellate Panel made an error in dismissing that appeal as moot. That is the only issue that's before this Court. The Bankruptcy Appellate Panel found that the property had been sold. There was an 11 U.S.C. Section 363M finding, which Okay. But why isn't there discouragement or some other monetary relief available? I mean, in other words, yeah, sure, the house, you can't get the house back. But why is that the end of the story? It's the end of the story because the Bankruptcy Court found that the property was property of the estate. The property was properly sold to a party upon the sale of that property. When we went on appeal of that order, with there not being a stay in place and with the protections provided to that third party buyer. I don't think you understood Judge Berzon's question. If I understood it correctly, it goes to the discouragement remedy that Appellant Hagg now argues for rather than vacating the sale or setting aside the sale. I understand that, and I was getting there. I just, I understand that under the case law, the Onuli-Kona case in the 363, it provides that the transaction is closed and the matter is moved. Well, the 363 only says that the sale is good. And Onuli-Kona, as I understand it, doesn't really address this question. I mean, I don't think there's any Ninth Circuit case that addresses this question. And there are some Out-of-Circuit cases that suggest there might be such a remedy. And offhand, I don't see why not. It seems to me to be maybe a procedural question as to whether this is the right proceeding. Maybe there had to be a separate adversary proceeding or something. But why – if the – I don't see anything in the Bankruptcy Code or anywhere else that would suggest that if the house was wrongly sold, there isn't some way for the estate to recover for the – for wrongful sale. I understand. I think there needs a prerequisite to even get to whether disgorgement is possible. I think you need to establish that there's a wrongful sale. Of course. But if it's moot, we're never going to get to that question. I understand. But I don't think anything that's been provided to either the Bankruptcy Court, the Bankruptcy Appellate Panel, or this Court establishes that there was a wrongful sale. I understand that. But that's not a mootness argument. With regard to a disgorgement, if there is a wrong sale, if that's what the assumption the Court would be working from. The question is, do we get to the question of whether there was a wrongful sale because there's a disgorgement remedy available, or do we not get to it at all and say the case is moot and we can't decide anything else? Clearly, from my position, I would argue that you don't even get there. I would say that the matter is moot and that there's nothing that can be done. And the reason is? And the reason is the property is gone, the money is coming to the estate. Yeah, and there's money sitting in the estate and it could be given to the debtor if that was the right thing to do. Or to the estate, rather, if that was the right thing to do. Correct. Well, it doesn't go to that point. What is the order being appealed? The order that's being appealed to this Court is the order dismissing the appeal as moot. And what was the appeal to the bankruptcy appellate panel? What order was being appealed to the bankruptcy appellate panel? The sale approving the property. Just the sale? Correct. The order approving the sale. The order approving. I apologize. The order approving the sale of the property. So she did not move for disgorgement, get an order denying disgorgement, and appeal the order denying disgorgement in this case? This is an appeal of the order permitting the sale? That is correct. Approving the sale? That is correct. Well, how would you normally pursue a disgorgement? You file a claim in bankruptcy? Well, in my opinion, I think that the way you would try to seek a disgorgement or any other type of matter like that would be in this particular case where the property was sold and if there is a sale, which is free and clear of any interests or encumbrance, that an adversary proceeding would be commenced in the bankruptcy case. And I will let your honors know that in this case, there was an adversary proceeding that was filed with regard to that property. And those matters are currently being briefed before this court because the appeals of those orders have been appealed here as well. There are more Kyle cases coming and they relate more directly to the disgorgement? Yes, your honor, there are two of them. There are two of them. One is the order dismissing that adversary proceeding and there were sanctions issued against Mr. Kyle for commencing that adversary proceeding. And that order granting the sanctions has been appealed to this court. And is that what it's about? It's about whether they should get some compensation for the sale? It's not really clear. There were three complaints that were circulated. Two of them, it appears, were filed. One of them was actually served only on my firm as a party to the complaint. The U.S. trustee's office was sued. The Chapter 7 trustee was sued. And those parties never were served with the actual complaint. Nonetheless, we did bring a motion to dismiss. And it is the subject of an appeal that is currently, I believe, I think appellant's reply brief is due. And I think that's where we're at. Kagan. Is the subject of a compensation for, I understand all the pleadings in this case are very confused and confusing. Is the basic subject of this, as you understand it, about compensation for the house? You don't know. I would have to probably say yes. And the reason I say that is because the basis of the suit was that the property is not property of the bankruptcy estate, is that it's property of the probate estate. So I think it's logical to at least make that leap that if they're soon saying that the property is them, then I think it's somewhat assuming some sort of disgorgement. But I don't think that disgorgement in this particular case is a remedy. And even if it was, I think that the way to go about it is through an adversary proceeding. Do we need to even reach that? I was just checking the excerpts of record. And it looks like it looks as though you're right. And the order that's on appeal in this case is an order approving sale of the real property, free and clear of liens and encumbrances, and approving the bidding procedures. So it seems like there's no reason for us to rule one way or the other on disgorgement in this case. I believe that's correct, Your Honor. I think the sale was approved. The sale contained a 363M finding, which gives that buyer those protections. The matter was then appealed. A stay was not obtained, and the transaction closed. So I'm not ignoring or disregarding the Court's question regarding the disgorgement. I just don't think in this particular appeal, because it was the order approving the sale, which was then dismissed by the Bankruptcy Appellate Panel as moot. So you could win this case on mootness, and you could still lose on disgorgement in some other case. I would contend that would be correct. I think that with regard to the sale, the sale is completed, and because there was no stay and because of the authority before this Court in the Anuli Kona case, I think that this matter is moot, and I think that the bat did not err. Just while I still have a minute left, what about the other appeal, the appeal of the order? It's the settlement part. I apologize, and I do want to at least – I realize I have the minute 27 or 26, but that order that was appealed to this Court is the order denying leave to amend to name the debtor as the trustor of the trust and the trustee of that trust as appellants in that matter. And that's the only order that's being appealed to this Court. It's not the compromise order or the order approving that settlement agreement between the trustee and the trustee of that trust. That is not what's being appealed here. Now, with regard to that settlement, just so the record is clear, there was a settlement that was entered into between the trustee of the bankruptcy estate and the trustee of the trust, the Cinderella Living Trust. Notice went out to everybody. There was an opposition by the debtor. The debtor filed an opposition and requested a hearing. Under the local rules in the Central District of California, in the Los Angeles Division, you can set – you can issue a notice of the motion and a motion for hearing, and under that local bankruptcy rule, you just need to give 15 days' notice at which time you can submit a declaration that there was no opposition and the order. In this particular case, there was an opposition and there was a request for hearing. That matter was set for hearing. Nobody appeared on behalf of the debtor or anybody else. Accordingly, the bankruptcy court issued the order granting the compromise and settlement agreement between the parties. Thank you, counsel. Irving v. Dye, number 0455977 and number 0455616 are submitted. May I have a moment? Well, you used all your time, but go ahead and take 30 seconds. Thank you. The adversarial complaint was to establish title in the property. That's the only thing it sought, just as the probate court attempted to. All parties were brought in that, because I thought it was all necessary parties needed to be in the adversarial complaint. The mootness is that the estate was never notified, contrary to counsel's assertion, and that's why we attempted to amend the appeal to bring in the estate. That's what we're arguing here, is that they said, no, it had been sold and you had been notified. That's not a correct statement. And that's why we're here. Thank you, counsel. Thank you. Next we'll hear Enric Kyle v. Dye, number 0457195.
judges: Canby, Kleinfeld, Berzon